In re A MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 108-86

December 8, 1987

Before KRUSE, Associate Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Petitioner, Roger Hazell

The natural parents of the minor child before the Court petition to relinquish their parental rights to the minor in anticipation of an adoption petition by the child's maternal grandmother.

The facts of the case are as follows. The natural father is thirty-eight years old and gainfully employed. The natural mother is thirty-four years of age and similarly employed. Including the minor here, the petitioners have three children. The proposed adoptive parent, on the other hand, is sixty-seven years of age, widowed, and a beneficiary of social security and veterans benefits in the aggregate amount of $418 per month. Grandmother owns a three bedroom house shared by a household of five, and she has had the primary care of the minor since his birth. The child is presently nine years old.

The natural parents' only explanation in agreeing to relinquish their rights to the child is that he has become naturally attached to the

grandmother. Upon questioning, the petitioners responded affirmatively that they appreciated and understood the consequences of their petition if granted. Petitioners have further attended counseling with the Department of Human Resources; in the Department's report we find an additional motive to the petition, that petitioners may leave the island in order for the natural father to attend school and further his drafting career. They desire not to separate the minor from his grandmother because of the close bonding which has developed between them.

A number of things require the Court's consideration in these proceedings. Most significant, of course, are the best interests and welfare of the child. See generally § 102 of the Juvenile Justice Act of 1980, A.S.C.A. § 45.0102. Among other things, we are also to look to the best interests of all the parties concerned, A.S.C.A. § 45.0402(e), and the reason why relinquishment is desired, A.S.C.A. § 45.0402(a).

On the facts presented us, it is the opinion of the Court that the reasons given are not sufficient to justify us in granting the petition.

Firstly, relinquishment is being sought with the view to securing the bonding that has arisen between the grandmother and the child. The Court does not feel that a relinquishment order is necessary to effectuate these purposes. The grandmother, subject to the natural parents' agreement, may retain custody of the child and may continue the relationship developed.

Secondly, the consequence of a final order of relinquishment is to: "divest the relinquishing parent or parents of all legal . . . obligations they may have with respect to the child relinquished." The corresponding package of rights of the child as against his parents includes the full force and effect of the law to ensure that their parental obligations are complied with in accordance with those standards demanded by society.

The alternative sought by this petition and anticipated adoption is the transferal of those parental obligations, guaranteed by the law to the child, to the grandmother. The remaining years of the child's minority and dependence, as well as the

124

age difference between the child and grandmother, speaks against this alternative as being more advantageous to the child than those of his natural circumstances. The natural circumstances are such that the child has healthy young parents to whom the law can look for the child's future support and maintenance of his needs, given his remaining years of dependency.

While the Court is mindful of the attachment and bonding that has arisen between the child and his maternal grandmother, it does not necessarily follow that the furtherance of that relationship requires the formal divestment of the child's rights against his natural parents. There is no superior advantage offered by the grandmother in terms of making more secure the child's future needs, and there is no real reason why the child's present relationship with his grandmother may not otherwise continue.

Accordingly we deny the petition.